————o————

## No. 5681.

## JOSEPH LAING vs. NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY.

Involves only issues of fact.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 96,755, Hon. E. K. Skinner, Judge.

L. R. Graham, for plaintiff and appellant.

Hall, Monroe & Lemann, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a claim for the value of a mule which died of injuries alleged to have been inflicted by one of defendant's locomotives.

Only questions of fact are involved, and the evidence is hopelessly conflicting; but the trial judge who saw and heard the witnesses has carefully analysed the evidence and in a well considered opinion resolved the conflict in favor of the defendant.

It would serve no useful purpose to review the testimony in detail, but the main facts are as follows:

Some five or six of plaintiff's employees were driving a drove of ten or twelve mules from Little Woods, on the margin of Lake Pontchartrain, to the City of New Orleans, a distance of about eighteen miles.

There being no other road available, they proceeded along the roadbed of the defendant, consisting of an embankment about six feet high, topped by a double track and flanked on one side by a marsh and on the other by a line of sheet piling intended as a breakwater to protect the road bed against the waters of the lake.

Arrived at a point about five or six miles from the city, they perceived an approaching train and made efforts to get the mules down the embankment and out of danger, but had considerable trouble doing so.

Up to this point there is no conflict in the testimony, but here the conflict begins.

The engineer, fireman and forward brakeman of the train testify that seeing the trouble ahead, the engineer got his train under control (almost or quite to the stoping point) and passed the mules without striking any of them.

In accordance with this testimony the trial Judge found as follows:

"I do not find in the evidence any fault on the part of the defendant. The train was properly equipped, the engineer reduced the speed of his train until he had it under complete control and had safely passed the point of danger. He could at any time have brought the train to rest, had occasion required."

Commenting then upon the evidence for plaintiff, he says:

"There is great divergence in the testimony, but I have greater reason to believe the testimony for de-

fendant than that of three irresponsible and excited witnesses for the plaintiff.

"They testify in effect that the locomotive, going at a good rate of speed, struck the mule in question, inflicting the injury from which it died; and that after being so struck the mule was walked some five miles to the city, to the verterinarian in whose stable the animal died the next morning. * * *

"The plaintiff's witnesses testify that the mule was first struck, and then backed into the train. I fancy the first part of this statement to be untrue; for had the locomotive so struck the animal, the blow would have been (immediately) fatal; the latter part of the statement is more likely the truth, the animal may have backed into the train after the engine passed and was thus injured."

We see no reason to disturb these findings of the trial Judge; and we concur in his conclusion that these facts show no fault or negligence on the part of defendant's employees for which defendant can be held liable.

Judgment affirmed.

Opinion and decree, December 9th, 1912.